CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 24, 2020**

Harlin DeWayne Hale
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |
| In re:<br><br>WALL009 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31133 (SGJ) |
| In re:<br><br>WALL010 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31134 (BJH) |
| In re:<br><br>WALL011 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31135 (SGJ) |

| | |
|---|---|
| In re:<br><br>WALL012 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31136 (HDH) |

| | |
|---|---|
| In re:<br><br>WALL016 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31138 (BJH) |
| In re:<br><br>WALL017 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31139 (HDH) |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF DEBTORS' CHAPTER 7 CASES**

Upon the motion (the "Motion") of the Petitioning Creditors for entry of an order (this "Order") directing the joint administration of these chapter 7 cases (the "Cases") and the consolidation thereof for procedural purposes only; and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Alleged Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given

and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of WALL007 LLC, Case No. 20-31131 (HDH) (the "Lead Case").

3. All of the pending Cases not presently before the Honorable Harlin D. Hale shall be transferred to Judge Hale who shall thereafter preside over them.

4. Parties in interest are directed to use the below caption when filing a pleading with the Court in the Cases, indicating that the pleading relates to the jointly administered Cases:

5. The Clerk of this Court shall make a docket entry in each of the Cases (except that of WALL007 LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration cases of WALL007 LLC and its affiliates that have concurrently commenced involuntary cases. The docket in the case of WALL007 LLC, Case No. 20-31131 (HDH), should be consulted for all matters affecting this case."

6. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All proofs of claim, lists, schedules, and statements shall be filed and docketed under the case number representing the estate in which the claim, list, schedule, or statements is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate.

9. All pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, filed in the jointly administered cases shall bear the caption of the jointly administered cases and shall be listed as shown in Exhibit A (attached).

10. If pleadings, papers, and documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading , paper, or document shall (i) re-file that pleading, paper, or document in the Lead Case within 3 business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties.

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Cases.

12. If an order for relief is entered in some or all of the cases subject to this joint administration order, then parties-in-interest must substitute “Debtor” for “Alleged Debtor” references in this order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# # # End of Order # # #

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120. Houston, TX 77042
(832) 767-0339 | Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500. Philadelphia, PA 19103
(215)246-3147 | Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.