BTXN 049 (rev. 03/15)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re:<br>WALL009 LLC<br><br>Jun Li, et al.<br><br>vs.<br>WALL007, LLC, et al. | Debtor(s)<br><br>Appellant(s)<br><br>Appellee(s) | Case No.: 20−31133−hdh7<br>Chapter No.: 7 |

# NOTICE OF TRANSMITTAL

I am transmitting:

- ☐ The Motion for leave to Appeal 28 U.S.C. § (USDC Civil Action No. DNC Case).
- ☐ The Motion for Stay Pending Appeal (USDC Action No. − DNC Case).
- ☐ The Proposed Findings of Fact and Conclusions of Law.
- ☐ The Motion to Extend Time To File Designation (USDC Civil Action No DNC Case).
- ☐ On , the Record on Appeal was transmitted. The designation of record or item(s) designated by were not filed when the record was transmitted. The item(s) were filed on awaiting instructions from the assigned district judge.
- ☐ Other
- ☑ Copies of: Notice of appeal, appealed order [20] and supporting documents

**TO ALL ATTORNEYS**: File all subsequent papers captioned and numbered with the appropriate division of the United States District Clerk's Office. Any questions concerning this proceeding should be directed to the U.S. District Clerk's Office at (214) 753−2200.

DATED: 12/29/20

FOR THE COURT:
Robert P. Colwell, Clerk of Court

by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 116 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# APPEAL SERVICE LIST

## Transmission of the Record

BK Case No.: 20−31133−hdh7

Received in District Court by: ___________

Date: ________

Volume Number(s): _______

cc: Harlin DeWayne Hale
Stephen Manz
Grayson Williams
Attorney(s) for Appellant
US Trustee

**Appellant** Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and, Yijing Wu

Jiangang Ou, Esq.
Brian Gargano, Esq.
Randall Towns, Esq.
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
832−767−0339

**Appellee** WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, AND WALL017, LLC

Joyce W. Lindauer, Esquire
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
972−503−4033

BTXN 150 (rev. 11/10)

In Re:
WALL009 LLC

Debtor(s)

Case No.: 20−31133−hdh7
Chapter No.: 7

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.** (a) **APPELLANT**
Jun Li, et al.

(b) County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jiangang Ou, Esq.
Brian Gargano, Esq.
Randall Towns, Esq.
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
832−767−0339

**APPELLEE**
WALL007, LLC, et al.

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

Attorney's (If Known)
Joyce W. Lindauer, Esquire
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
972−503−4033

**II. BASIS OF JURISDICTION**

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
◉ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated *or* Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated *and* Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. NATURE OF SUIT**

◉ 422 Appeal 28 USC 158
○ 423 Withdrawal 28 USC 157
○ 890 Other Statutory Actions

**V. ORIGIN**

◉ 1 Original Proceeding
○ 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district
○ 6 Multidistrict Litigation
○ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
422 Appeal 28 USC 158

Brief description of cause:
Notice of appeal of a bankruptcy court order

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
Judge:
Docket Number:

DATED: 12/29/20

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 150 (rev. 11/10)

In Re:
WALL009 LLC
Debtor(s)

Case No.: 20−31133−hdh7
Chapter No.: 7

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.** (a) **APPELLANT**
Jun Li, et al.

(b) County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jiangang Ou, Esq.
Brian Gargano, Esq.
Randall Towns, Esq.
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
832−767−0339

**APPELLEE**
WALL007, LLC, et al.

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

Attorney's (If Known)
Joyce W. Lindauer, Esquire
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
972−503−4033

## II. BASIS OF JURISDICTION

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated *or* Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated *and* Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT

- ◉ 422 Appeal 28 USC 158
- ○ 423 Withdrawal 28 USC 157
- ○ 890 Other Statutory Actions

## V. ORIGIN

- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district
- ○ 6 Multidistrict Litigation
- ○ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
422 Appeal 28 USC 158

Brief description of cause:
Notice of appeal of a bankruptcy court order

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

Judge: Scholer
Docket Number: 3:21-CV-00029-S

DATED: 12/29/20

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

Brian Gargano Esq.

Jiangang Ou Esq.

Randall Towns Esq.

Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: (832) 767-0339
Fax: (832) 767-0669
Email: jou@nguyen-chen.com

*COUNSEL FOR THE PETITIONING CREDITORS*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31133 (HDH) |
| Alleged Debtor. | |

**NOTICE OF APPEAL**

Petitioning Creditors, Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (the "Petitioning Creditors"), file this Notice of Appeal in accordance with 28 U.S.C. § 158 (a)(1) and Fed. R. Bankr. P. 8002.

**<u>Part 1:</u> Identify the appellants**

1. Names of Appellants: Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and, Yijing Wu.

2. Position of Appellants in the adversary proceeding or bankruptcy case that is the subject of this appeal: Petitioning Creditors

**<u>Part 2:</u> Identify the subject of the appeal**

1. Describe the judgment, order, or decree appealed from and the date on which the judgment, order, or decree was entered:

   a. Order Dismissing Involuntary Bankruptcy Cases Without Prejudice (Dkt. No. 20) entered on December 7, 2020.

**<u>Part 3:</u> Identify the other parties to this appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:

**Appellants:**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and, Yijing Wu.

Jiangang Ou, Esq.
Brian Gargano, Esq.
Randall Towns, Esq.
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Email: jou@nguyen-chen.com
Tel: (832) 767-0339
Fax: (832) 767-0669

**Appellees:**

WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, AND WALL017, LLC

Joyce W. Lindauer, Esquire
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Email: joyce@joycelindauer.com
Tel: (972) 503-4033
Fax: (972) 503-4034

**<u>Part 4:</u> Optional election to have appeal heard by District Court (applicable only in certain districts).**

Not applicable

**<u>Part 5:</u> Sign Below**

Dated: December 21, 2020

/s/*Jiangang Ou*
Jiangang Ou
Brian Gargano
Randall Towns

Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished electronically and/or by first class mail to the parties listed below.

| | |
|---|---|
| WALL007, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| WALL009, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| WALL010, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| WALL011, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| WALL012, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| WALL016, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |

| | |
|---|---|
| WALL017, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | Via U.S. Mail |
| Khudabuksh K. Walji, Esquire<br>Law Office of K. Walji<br>10701 Corporate Dr., Ste. 350<br>Stafford, TX 77477 | Via U.S. Mail |

Parties having filed NOA:

| | |
|---|---|
| Robert W. Buchholz, Esquire<br>bob@attorneybob.com | Via ECF |
| Darrell Wayne Cook, Esquire<br>dwcook@attorneycook.com<br>all@attorneycook.com | Via ECF |
| Katherine T. Hopkins, Esquire<br>katherine.thomas@kellyhart.com | Via ECF |
| Joyce W. Lindauer, Esquire<br>joyce@joycelindauer.com<br>dian@joycelindauer.com<br>gina@joycelindauer.com | Via ECF |
| Steven C. Metzger, Esquire<br>smetzger@pmklaw.com | Via ECF |
| Michael P. Ridulfo, Esquire<br>mridulfo@krcl.com<br>dtrevino@krcl.com<br>mridulfo@ecf.courtdrive.com | Via ECF |
| Patrick D. Sullivan, Esquire<br>sullivan@hooverslovacek.com | Via ECF |

United States Trustee ustpregion06.da.ecf@usdoj.gov

Via ECF

Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Via ECF

Dated: December 21, 2020

*/s/Jiangang Ou*
Jiangang Ou

Document 1-1 Page 12 of 24

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2020**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC,** ***et al.*****,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER DISMISSING INVOLUNTARY**
**BANKRUPTCY CASES WITHOUT PREJUDICE**

The above-captioned cases are involuntary bankruptcy proceedings filed by petitioning creditors (the "Petitioning Creditors") who are mostly Chinese nationals residing in mainland China. On August 19, 2020, this Court issued an oral ruling disposing of four outstanding discovery motions. Based on determinations that (1) depositions of the Petitioning Creditors are necessary in these cases, (2) conducting the depositions in the United States would be difficult, but possible, (3) conducting the depositions in China, even by video, may be illegal, and (4) proceeding with other discovery or motions would be fruitless if the Petitioning Creditors are not willing to appear for depositions, the Court ordered that before any other discovery or motion practice would continue, counsel for the Petitioning Creditors must sign and file an agreement that

the Petitioning Creditors will appear for live depositions in the United States (the "Required Deposition Agreement"). The Court's oral ruling was memorialized in a series of written orders that were entered on September 4, 2020 (the "Discovery Orders").[1]

On September 15, 2020, the Petitioning Creditors filed a motion to reconsider the Discovery Orders,[2] which this Court denied.[3] On November 3, 2020, the Petitioning Creditors filed notices of appeal for the Discovery Orders and the Order Denying Reconsideration,[4] along with motions for leave to file interlocutory appeals of those orders[5] and requests for the certification necessary to obtain a direct review of those orders by the United States Court of Appeals for the Fifth Circuit.[6]

Both the Notices of Appeal and the Motions for Leave were transferred to the District Court for consideration. While those appeals were pending, this Court entered its *Order Directing Compliance with Prior Orders* [Docket No. 287] (the "Compliance Order"), ordering that the Alleged Debtors' bankruptcy cases will be dismissed without prejudice if, by the end of the day on December 4, 2020, the Petitioning Creditors have not either (1) filed the Required Deposition Agreement or (2) obtained a stay of the Discovery Orders pending appeal. On November 30, 2020, the District Court denied the Motions for Leave and dismissed the appeals.[7]

---

[1] The Discovery Orders consist of four orders: *Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [Dkt. No. 101]* [Docket No. 165]; *Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129]* [Docket No. 167]; *Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. No. 133]* [Docket No. 168]; *Order Granting in Part the Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105]* [Docket No. 169].

[2] *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175].

[3] *Order Denying Motion for Reconsideration of Discovery Orders* [Docket No. 202] (the "Order Denying Reconsideration").

[4] Docket Nos. 218, 223, 228, 233, and 238 (the "Notices of Appeal").

[5] Docket Nos. 221, 226, 231, 236, and 241 (the "Motions for Leave").

[6] Dockets Nos. 220, 225, 230, 235, and 240.

[7] *See* Case Nos. 3:20-cv-03385, 3:20-cv-03386, 3:20-cv-03387, 3:20-cv-03388, and 3:20-cv-03389.

Document Page 14 of 24

On December 4, 2020, certain of the Petitioning Creditors filed their *Live Deposition Agreement* [Docket No. 308] (the "Petitioners' Deposition Agreement"), but there are a few problems with the Petitioners' Deposition Agreement. First, the Petitioners' Deposition Agreement was only filed on behalf of eleven of the sixty-five Petitioning Creditors. The rationale behind only filing the Petitioners' Deposition Agreement on behalf of some of the Petitioning Creditors appears to be that only eleven of the Petitioning Creditors have received subpoenas from the Alleged Debtors, but the Court's Discovery Orders and Compliance Order did not excuse Petitioning Creditors who have not yet received a subpoena from filing the Required Deposition Agreement evidencing their willingness to come to the United States for depositions if necessary.

The second problem with the Petitioners' Deposition Agreement is that it does not contain an unequivocal statement that the Petitioning Creditors enumerated therein (the "Petitioner Deponents") are willing to appear for live depositions in the United States. Instead, the Petitioners' Deposition Agreement contains several conditions to their willingness to appear for live depositions in the United States. Some of these conditions are problematic, and some are not. The condition that the Petitioner Deponents must first be permitted to enter the United States is fine because the Court did not contemplate ordering them to enter the United States illegally. The condition that current travel documents, including visas, are issued to the Petitioner Deponents prior to travel to the United States is fine in concept, but unacceptable as written. Again, the Court did not contemplate ordering the Petitioning Creditors to enter the United States illegally, but they should not be able to avoid their obligation to appear for depositions by simply not taking actions within their control, such as requesting current travel documents. The condition that counsel for the parties must agree on mutually acceptable dates, times, and places for the depositions to occur is similarly fine in concept, but unacceptable as written. It gives too much control to counsel for

the Petitioning Creditors to avoid the obligation to appear for a deposition simply by not agreeing to the dates, times, and places for the depositions to occur.

The most significant problem with the Petitioners' Deposition Agreement though, is the condition that COVID-19 vaccines are available to the Petitioner Deponents prior to their departure to the United States. Given that it is presently unknown when a vaccine will receive final regulatory approval or how long it will take to manufacture and distribute a vaccine once approved, this condition adds far too much delay and uncertainty. As the Court discussed in its Compliance Order, involuntary bankruptcy is a particularly severe remedy. *Credit Union Liquidity Servs., LLC v. Green Hills Dev. Co., LLC (In re Green Hills Dev. Co., LLC)*, 741 F.3d 651, 655 (5th Cir. 2014). Even before a bankruptcy court is able to determine the propriety of the relief, just the filing of an involuntary bankruptcy petition against an entity is a serious action that can have consequences not only for the alleged debtor but for other parties as well. *See In re Landmark Distribs., Inc.*, 189 B.R. 290, 306 (Bankr. D.N.J. 1995) ("The filing of an involuntary petition by a creditor must be carefully scrutinized by the Court because such action is extreme in nature and carries with it serious consequences to the alleged debtor, examples of which include loss of credit standing, interference with general business affairs and public embarrassment."). The period of time between the filing of the involuntary petition and the adjudication of the merits of the petition can be a period of significant uncertainty and has already lasted much longer than usual. As discussed in greater detail in the Compliance Order, the lack of progress in these cases has impacted not only the Alleged Debtors but third parties as well.

An overarching problem with the conditions that were inserted into the Petitioners' Deposition Agreement is that they were never requested. The original ruling regarding the Required Deposition Agreement was issued three and a half months ago, and this Court was

available to discuss these issues with the Petitioning Creditors at any time. The Petitioning Creditors could have filed a motion seeking alteration of the ruling regarding the Required Deposition Agreement to insert these conditions, or they could have simply requested a status conference to discuss it with the Court. Instead, they chose to wait until the last minute and file a non-compliant agreement on behalf of a fraction of the Petitioning Creditors.[8] The conditions unilaterally inserted by the Petitioning Creditors would leave these cases and the other parties in limbo for far too long and would make it far too easy for the Petitioning Creditors to intentionally trigger the conditions and never appear for a deposition in the United States.

The Petitioning Creditors have not filed the Required Deposition Agreement and have not obtained a stay of the Discovery Orders. The Court finds that the Petitioning Creditors have willfully disobeyed the Discovery Orders and the Compliance Order, which made it clear that the Alleged Debtors would be substantially prejudiced by the Petitioning Creditors' refusal to comply, lesser sanctions would not suffice, and these cases would be dismissed if the Petitioning Creditors did not comply. Accordingly, dismissal of these cases without prejudice is appropriate under Federal Rules of Civil Procedure 37(b)(2) and 41(b), made applicable to this matter by Federal Rules of Bankruptcy Procedure 7037, 7041, and 9014.

The Court also wishes to note that these cases are being dismissed without prejudice to refiling. The Petitioning Creditors chose to initiate a new proceeding in this Court when the global pandemic had already begun to affect the United States and the travel restrictions they complain

[8] This Court noted in the Compliance Order that there are seven Alleged Debtors and sixty-five Petitioning Creditors, which is far more Petitioning Creditors than is required. *See* 11 U.S.C. § 303(b). It appears that excluding the other Petitioning Creditors, the eleven Petitioner Deponents could potentially satisfy the statutory requirements for filing involuntary petitions against four of the seven Alleged Debtors. Had the conditions discussed above not been included in the Petitioners' Deposition Agreement, the Court likely would not have dismissed the cases of those four Alleged Debtors.

about were already in place. If they are more comfortable traveling to the United States in the future to prosecute their case, they are welcome to re-file the involuntary petitions at that time.

**IT IS THEREFORE ORDERED** that the Alleged Debtors' bankruptcy cases[9] are **DISMISSED** without prejudice to refiling.

###End of Order###

[9] Case Nos. 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138, and 20-31139.

**APPEAL, DISMISSED, jntadmn, MEMBER, REFORM**

**U.S. Bankruptcy Court**
**Northern District of Texas (Dallas)**
**Bankruptcy Petition #: 20-31133-hdh7**

*Date filed:* 04/08/2020
*Debtor dismissed:* 12/07/2020

*Assigned to:* Harlin DeWayne Hale
Chapter 7
Involuntary

*Debtor disposition:* Dismissed for Other Reason

***Petitioning Creditor***
**Yijing Wu,** ***Petitioning Creditor***
8-2607, Xuante Jiayuan
No. 1 Shilibao
Chaoyang District
Beijing
China

represented by **Brian Michael Gargano**
Nguyen & Chen, LLP
11200 Westheimer, Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: bgargano@nguyen-chen.com

**Jiangang Ou**
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

***Petitioning Creditor***
**Xuegeng Gong,** ***Petitioning Creditor***
Rm. 1801, Building C
Shengshijiayuan, No 98 Jianguo Rd.
Chaoyang District
Bejing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

**Stephen M. Packman**
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
(215) 246-3147
Fax : (215) 963-9999
Email: spackman@archerlaw.com

***Petitioning Creditor***
**Jin Wang,** ***Petitioning Creditor***
Room 2-202, Building No. 4
Huanxixincun
Hangzhou

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**

China — (See above for address)

*Petitioning Creditor*
**Weijia Kong,** ***Petitioning Creditor***
No. 615, Building 28
Guanyingyuan West
Xicheng District
Beijing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Heng Zhang,** ***Petitioning Creditor***
Rm 503, Building 10
Yichengmingyuan, BDA
Daxing District
Beijing 100176
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Hong Guo,** ***Petitioning Creditor***
Room 6-902, No. 500
Gubei Central Garden, South Yili Rd.
Changning District
Shanghai
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Pei Guan,** ***Petitioning Creditor***
Rm 102, Jia, Building 7
Kouzhong Beili
Xicheng District
Beijing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Yue Xu,** ***Petitioning Creditor***
1401, Block C, Shengshijiayuan
No. 98 Jianguo Road
Chaoyang District
Beijing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Mai Ye,** ***Petitioning Creditor***
1-101, No. 14 Dongshan Lane
Xihu District
Hangzhou
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Chenchen Jiang,** ***Petitioning Creditor***
3395 Michelson Dr., Apt. 4460

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**

Irvine, CA 92612

(See above for address)

*Petitioning Creditor*
**Qiuying Li,** ***Petitioning Creditor***
Rm. 703, Building 101
Xuanwumen West Street
Xicheng District
Beijing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Ruinian Wu,** ***Petitioning Creditor***
2-4, No. 221 Building
No. 57 Yongding Road
Haidian District
Beijing
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Petitioning Creditor*
**Lin Zhou,** ***Petitioning Creditor***
Room 1-406, Lane 1058
Lianhua Road
Shanghai
China

represented by **Brian Michael Gargano**
(See above for address)

**Jiangang Ou**
(See above for address)

*Alleged Debtor*
**WALL009 LLC,** ***Debtor***
13901 Midway Rd., Ste. 102
Dallas, TX 75244
DALLAS-TX
SSN / ITIN: xxx-xx-0000

represented by **Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
(972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

*U.S. Trustee*
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967

| Filing Date | Docket Text |
|---|---|
| 04/08/2020 | 1 (145 pgs) Chapter 7 involuntary petition against a non-individual. Fee Amount $335 Re: WALL009 LLC Filed by Yijing Wu (attorney Jiangang Ou), Xuegeng Gong (attorney Jiangang Ou), Jin Wang (attorney Jiangang Ou), Weijia Kong (attorney Jiangang Ou), Heng Zhang (attorney Jiangang Ou), Hong Guo (attorney Jiangang Ou), Pei Guan (attorney Jiangang Ou), Yue Xu (attorney Jiangang Ou), Mai Ye (attorney Jiangang Ou), Chenchen Jiang (attorney Jiangang Ou), Qiuying Li (attorney Jiangang Ou), Ruinian Wu (attorney Jiangang Ou), Lin Zhou (attorney Jiangang Ou) (Ou, Jiangang) |

| | |
|---|---|
| 04/08/2020 | Receipt of filing fee for Involuntary petition (chapter 7)(20-31133-7) [misc,invol7] ( 335.00). Receipt number 27642413, amount $ 335.00 (re: Doc# 1). (U.S. Treasury) |
| 04/10/2020 | 2 Involuntary summons issued on WALL009 LLC . (Edmond, Michael) ENTERED AN ERROR: NO PDF ATTACHED. Modified on 4/10/2020 (Edmond, Michael). |
| 04/10/2020 | 3 (2 pgs) Involuntary summons issued on WALL009 LLC . (Edmond, Michael) |
| 04/10/2020 | 4 (2 pgs) Standing scheduling order regarding involuntary cases. Status Conference to be held on 5/15/2020 at 10:30 AM at Dallas Judge Hale Ctrm. Entered on 4/10/2020 (Edmond, Michael) |
| 04/16/2020 | 5 (12 pgs) Motion for joint administration of cases 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138, 20-31139 Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (Ou, Jiangang) |
| 04/16/2020 | 6 (5 pgs) Motion for expedited hearing(related documents 5 Motion for joint administration) Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (Ou, Jiangang) |
| 04/16/2020 | 7 (3 pgs) Certificate of service re: Motion for Joint Administration and Motion for Expedited Hearing filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)5 Motion for joint administration of cases 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138, 20-31139 , 6 Motion for expedited hearing(related documents 5 Motion for joint administration) ). (Ou, Jiangang) |
| 04/17/2020 | 8 (5 pgs) Notice of hearing filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)5 Motion for joint administration of cases 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138, 20-31139 Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou). Hearing to be held on 4/22/2020 at 10:30 AM Dallas Judge Hale Ctrm for 5, (Ou, Jiangang) |
| 04/17/2020 | 9 (3 pgs) Certificate of service re: Notice of Hearing for Motion for Joint Administration filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)8 Notice of hearing). (Ou, Jiangang) |
| 04/20/2020 | 10 (1 pg) Certificate of service re: Summons, Involuntary Bankruptcy Petition and Scheduling Order filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)1 Involuntary petition (chapter 7), 3 Involuntary summons issued, 4 Standing scheduling order regarding involuntary cases). (Ou, Jiangang) |
| 04/20/2020 | 11 (4 pgs) Notice of Appearance and Request for Notice *and Reservation of Rights* by Patrick D. Sullivan filed by Creditor Benchmark Acquisitions, LLC. (Sullivan, Patrick) |

| | |
|---|---|
| 04/24/2020 | 12 (7 pgs) Order granting motion for joint administration lead case 3:20-bk-31131 with member case 3:20-bk-31133 (related document # 5)Judge Harlin DeWayne Hale assigned. Involvement of Judge Stacey G. Jernigan terminated Entered on 4/24/2020. (Ecker, C.)An order has been entered in this case directing the proceduralconsolidation and joint administration cases of WALL007 LLC andits affiliates that have concurrently commenced involuntary cases.The docket in the case of WALL007 LLC, Case No. 20-31131(HDH), should be consulted for all matters affecting this case |
| 05/04/2020 | 13 (3 pgs) Certificate of service re: Order Directing Joint Administration of Debtors' Chapter 7 Cases filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)12 Order on motion for joint administration). (Ou, Jiangang) |
| 05/06/2020 | 14 (2 pgs) Notice of Appearance and Request for Notice by Joyce W. Lindauer filed by Alleged Debtor WALL009 LLC. (Lindauer, Joyce) |
| 05/07/2020 | 15 (7 pgs; 2 docs) Motion to dismiss case Filed by Alleged Debtor WALL009 LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 05/07/2020 | 16 (31 pgs) Brief in support filed by Alleged Debtor WALL009 LLC (RE: related document(s)15 Motion to dismiss case ). (Lindauer, Joyce) |
| 05/14/2020 | 17 (1 pg) Statement of Corporate Ownership filed. Corporate parents added to case: Carnegie Development LLC. filed by Alleged Debtor WALL009 LLC. (Lindauer, Joyce) |
| 05/14/2020 | 18 (5 pgs) Motion to dismiss case */Second Motion to Dismiss* Filed by Alleged Debtor WALL009 LLC (Lindauer, Joyce) |
| 05/14/2020 | 19 (4 pgs) Notice */Alleged Debtor's List of Creditors* filed by Alleged Debtor WALL009 LLC. (Lindauer, Joyce) |
| 12/07/2020 | 20 (6 pgs) Order dismissing Debtor without prejudice, all cases included 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138 and 20-31139e. Entered on 12/7/2020 (Blanco, J.) |
| 12/09/2020 | 21 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)20 Order dismissing Debtor without prejudice, all cases included 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138 and 20-31139e. Entered on 12/7/2020 (Blanco, J.)) No. of Notices: 2. Notice Date 12/09/2020. (Admin.) |
| 12/22/2020 | 22 (7 pgs) Notice of appeal . Fee Amount $298 filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li (RE: related document(s)20 Order dismissing case). Appellant Designation due by 01/5/2021. (Ou, Jiangang) |
| 12/22/2020 | Receipt of filing fee for Notice of appeal(20-31133-hdh7) [appeal,ntcapl] ( 298.00). Receipt number 28364286, amount $ 298.00 (re: Doc# 22). (U.S. Treasury) |
| 12/29/2020 | 24 (11 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)22 Notice of appeal .filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, |

| | |
|---|---|
| | Chenchen Jiang, Weijia Kong, Qiuying Li (RE: related document(s)20 Order dismissing case). Appellant Designation due by 01/5/2021.) (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 01/04/2021 | 25 (12 pgs) Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)22 Notice of appeal, 24 Certificate of mailing regarding appeal). Appellee designation due by 01/19/2021. (Ou, Jiangang) |
| 01/05/2021 | 26 (12 pgs) Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)25 Appellant designation). (Ou, Jiangang) |
| 01/07/2021 | 27 (4 pgs) Notice of Appearance and Request for Notice by Jiangang Ou filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou. (Ou, Jiangang) |
| 01/07/2021 | 28 (59 pgs; 4 docs) Motion to Reconsider(related documents 20 Order dismissing case) Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Proposed Order Proposed Order to Vacate the Dismissal Order) (Ou, Jiangang) |
| 01/07/2021 | 29 (13 pgs) Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (RE: related document(s)25 Appellant designation, 26 Appellant designation). (Ou, Jiangang) |
| 01/07/2021 | 30 (60 pgs; 4 docs) DOCKET ERROR-INCORRECT PDF. Motion to Reconsider(related documents 20 Order dismissing case)*Corrected Motion for Reconsideration* Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Proposed Order) (Ou, Jiangang). Modified on 1/11/2021 (Ward, J). |
| 01/08/2021 | 31 (60 pgs; 4 docs) Amended Motion to Reconsider(related documents 20 Order dismissing case) Filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Proposed Order) (Ou, Jiangang) |
| 01/11/2021 | 32 (4 pgs) Notice of Appearance and Request for Notice by Brian Michael Gargano filed by Petitioning Creditors Xuegeng Gong, Pei Guan, Hong Guo, Chenchen Jiang, Weijia Kong, Qiuying Li, Jin Wang, Ruinian Wu, Yijing Wu, Yue Xu, Mai Ye, Heng Zhang, Lin Zhou. (Gargano, Brian) |
| 01/18/2021 | 33 (4 pgs) Appellee designation of contents for inclusion in record of appeal filed by |

| | |
|---|---|
| | Alleged Debtor WALL009 LLC (RE: related document(s)22 Notice of appeal, 24 Certificate of mailing regarding appeal). (Lindauer, Joyce) |